Stanley MARON, Co–Trustee of the David & Susan Wilstein Insurance Trust of 1986; Ronald Resch, Co–Trustee of the David & Susan Wilstein Insurance Trust of 1986; Denise Wilstein, Co–Trustee of the David & Susan Wilstein Insurance Trust of 1986, Plaintiffs—Appellants,

v.

MANUFACTURERS LIFE INSURANCE COMPANY, a Canadian Corporation; Paul Gallagher, an individual, Defendants—Appellees.

No. 01–55635.

D.C. No. CV–99–10082–AHM.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 4, 2002.

Decided June 6, 2002.

Before O'SCANNLAIN, RYMER, and THOMAS, Circuit Judges.

## MEMORANDUM *

Stanley Maron and his co-plaintiffs (collectively, "Maron") appeal the district court's grant of Manufacturers Life Insur-

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

ance Company's ("Manufacturers Life") motions to dismiss and for summary judgment. We affirm. Because the parties are familiar with the factual and procedural history of this case, we will not recount it here.

## I

The district court did not err in granting Manufacturers Life's motion to dismiss Maron's claim for declaratory relief. The parties agree that there was sufficient consideration to support the final settlement agreement as a whole, and there is a presumption under California law that a written instrument is presumptive evidence of consideration. Cal. Civ.Code § 1614. Plaintiff's claim is based on the addition of a provision in the final agreement that recited that the insurance policy at issue had no cash value. However, there were other differences between the initial handwritten agreement and the subsequent typed agreement between the parties, and the district court appropriately construed the two documents together. *Id.* § 1642. The final agreement also contained an integration clause, under which the parties agreed to waive any claims they might have based on alleged oral alterations in the contract. Given this, the district court correctly concluded that, as a matter of law, the final settlement agreement—including the no cash value provision—was supported by sufficient consideration.

## II

The district court also properly granted summary judgment to Manufacturers Life on Maron's claim of fraudulent concealment. Given the evidence presented, the district court properly concluded that Manufacturers Life's discussions about demutualizing were immaterial because the company had no power to demutualize at the time it entered into the Settlement Agreement. *See Nussbaum v. Weeks,* 214 Cal.App.3d 1589, 263 Cal.Rptr. 360, 368 (Ct.App.1990) (holding that a party's intention to change policy was not material unless the party possessed the actual authority to change policy.)

**AFFIRMED.**